IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| AMERICAN PLASTIC SURGERY, LLC | ) CASE NO. 04-69432-CRM |
| | ) |
| Debtor. | ) Contested Matter |
| DALE R. F. GOODMAN, Chapter 7 Trustee | ) |
| for the Bankruptcy Estate of American | ) |
| Plastic Surgery, LLC | ) |
| | ) |
| Objector, | ) |
| | ) |
| vs. | ) |
| | ) |
| KATHERINE KENNEDY, | ) |
| | ) |
| Claimant. | ) |
| / | ) |

**CLAIMANT'S RESPONSE TO TRUSTEE FOR THE BANKRUPTCY
ESTATE OF AMERICAN PLASTIC SURGERY, LLC'S MOTION TO
DISALLOW CLAIM NO. 14 BY KATHERINE KENNEDY**

COMES NOW the Claimant, Katherine Kennedy, through undersigned counsel; and
responds to DALE R.F. GOODMAN, Chapter 7 Trustee for the Bankruptcy Estate of
American Plastic Surgery, LLC's Motion To Disallow Claim No. 14 By Katherine
Kennedy; and in support of which, states as follows:

1. On December 7, 2000, KATHERINE KENNEDY, as Plaintiff, filed a medical
malpractice lawsuit against several defendants, including American Plastic Surgery,
LLC's predecessor, to wit: Florida Center for Cosmetic Surgery, Inc., a copy of which is
attached and incorporated hereto as Exhibit "A" ('Underlying Complaint"). The
Complaint was subsequently amended; and the last version of the Complaint is attached
and incorporated hereto as Exhibit "B".

2. Voluminous deposition testimony was taken in the underlying medical malpractice claim in which Ms. Kennedy has alleged that she has suffered a disabling neurological injury as a result of her sub-standard care at the Debtor's medical facility; and a default has been entered against the Debtor's predecessor.

3. In her motion, the Trustee suggests that Ms. Kennedy's claim should be disallowed due to the passage of the statute of limitations. The attached Underlying Complaint was timely filed under Florida law; and as such, the statute of limitations has been complied with. In fact, the case is still pending.

4. Katherine Kennedy admits that her claim is unsecured and unliquidated. However, she denies that this is a basis to disallow her claim.

5. As to whether the claims should be estimated, Claimant would inform the Court that there was an insurance policy which insured the Debtor's predecessor in interest which had a $1,000,000.00 policy limit. However, the insurance company, Western Indemnity Insurance Company, a Texas corporation, went into receivership in Texas; and Claimant, Katherine Kennedy, has filed a proof of claim with the Texas receiver; and that claim is currently being processed, a copy of which is attached and incorporated hereto as Exhibit "C" ('Western Indemnity Ins. Co. Proof of Claim").

6. It is unknown whether the claim against the receiver will be resolved or whether there are adequate assets remaining in the receiver's account to satisfy Ms. Kennedy's claim.

7. The only remaining judicial labor needed to complete the claim against the Debtor's predecessor in the underlying case is to conduct a trial on damages. Ms.

Kennedy volunteered to defer that trial, pending the conclusion of the claim filed with

receiver for the Debtor predecessor's insurance company.

　　　　Wherefore, Claimant, Katherine Kennedy, respectfully requests that her claim not

be disallowed.

　　　　　　　　　　　　　　WEINSTOCK & SCAVO, P.C.

　　　　　　　　　　　　　　By: s/ Rebecca A. Pascarell, Esq.
　　　　　　　　　　　　　　Georgia Bar No. 185720
　　　　　　　　　　　　　　Dana M. Tucker Davis, Esq.
　　　　　　　　　　　　　　Local Counsel for Claimant
　　　　　　　　　　　　　　3405 Piedmont Road, N.E., Suite 300
　　　　　　　　　　　　　　Atlanta, Georgia 30305
　　　　　　　　　　　　　　rpascarell@wslaw.net
　　　　　　　　　　　　　　Phone: (404) 231-3999 / Fax: (404) 231-1618

　　　　　　　　　　　　　　AND AT THE REQUEST OF:

　　　　　　　　　　　　　　GREENSPOON MARDER, P.A.
　　　　　　　　　　　　　　KENNETH J. SOBEL, ESQ., FBN. 511668
　　　　　　　　　　　　　　Counsel for Plaintiffs
　　　　　　　　　　　　　　100 W. Cypress Creek Rd., Ste 700
　　　　　　　　　　　　　　Fort Lauderdale, FL 33309
　　　　　　　　　　　　　　Kenneth.Sobel@GMLaw.com
　　　　　　　　　　　　　　Phone: (954)491-1120 / Fax: (954)343-6978

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| AMERICAN PLASTIC SURGERY, LLC | ) | CASE NO. 04-69432-CRM |
| | ) | |
| Debtor. | ) | Contested Matter |
| DALE R. F. GOODMAN, Chapter 7 Trustee | ) | |
| for the Bankruptcy Estate of American | ) | |
| Plastic Surgery, LLC | ) | |
| | ) | |
| Objector, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHERINE KENNEDY, | ) | |
| | ) | |
| Claimant. | ) | |
| / | ) | |

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am over the age of 18 and that on October

10, 208, I served a copy of the CLAIMANT'S RESPONSE TO TRUSTEE FOR THE

BANKRUPTCY ESTATE OF AMERICAN PLASTIC SURGERY, LLC'S MOTION

TO DISALLOW CLAIM NO. 14 BY KATHERINE KENNEDY by first class U.S.

regular mail with adequate postage prepaid on the following persons or entities:

Dale R.F. Goodman, Esq.
Chapter 7 Trustee
Goodman & Goodman, P.C.
1801 Peachtree Street, Suite 310
Atlanta, GA 30309-1859

John A. Thomson, Jr., Esq.
Counsel for Debtor
American Plastic Surgery, LLC
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 W. Peachtree St.

Atlanta, GA 30309

Leroy Culton, Esq.
Counsel for U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

WEINSTOCK & SCAVO, P.C.

By: s/ Rebecca A. Pascarell, Esq.
Georgia Bar No. 185720
Local Counsel for Claimant
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
rpascarell@wslaw.net
Phone: (404) 231-3999 / Fax: (404) 231-1618

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

KATHERINE KENNEDY

CASE NO:

Plaintiff,

**00020735**
**COMPLAINT**

vs.

JASON N. POZNER, M.D., JASON N.
POZNER, M.D., P.A., ARY KRAU,
M.D., ARY KRAU, M.D., P.A. and
FLORIDA CENTER FOR COSMETIC
SURGERY, INC., a Florida Corporation,

Defendants.

_____

PLAINTIFF, KATHERINE KENNEDY, sues the Defendants, JASON N. POZNER, M.D., JASON

N. POZNER, M.D., P.A., ARY KRAU, M.D., ARY KRAU, M.D., P.A. and FLORIDA CENTER FOR

COSMETIC SURGERY, INC., a Florida corporation, and in support of which states as follows:

1.      This is an action for damages in excess of Fifteen  Thousand and no/100ths ($15,000.00)

Dollars, exclusive of costs, interest and attorney's fees.

2.      Plaintiff, Katherine Kennedy, is a resident of Dade County, Florida and is *sui juris.*

3.      Defendant, Jason N. Pozner, M.D. is licensed by the State of Florida as a medical doctor,

and at all times material hereto, practiced his profession out of an office located in Broward County,

Florida and is *sui juris.*

4.      Defendant, Ary Krau, M.D. is licensed by the State of Florida as a medical doctor, and at

all times material hereto, practiced his profession out of an office located in Dade County, Florida and is

*sui juris.*



EXHIBIT

A

CASE NO:

5.     Defendant, Jason Pozner, M.D. holds himself out to the public as being board certified in plastic surgery, and as such, owes his patients a duty to perform his services in accordance with the prevailing standard of care applicable to medical doctors who are board certified and practicing plastic surgery.

6.     Defendant, Ary Krau, M.D. holds himself out to the public as being board certified in plastic surgery, and as such, owes his patients a duty to perform his services in accordance with the prevailing standard of care applicable to medical doctors who are board certified and practicing plastic surgery.

7.     Defendant, Florida Center For Cosmetic Surgery, Inc., is a Florida corporation with its principal place of business in Broward County, Florida and is *sui juris.*

8.     Defendant, Florida Center For Cosmetic Surgery, Inc. was, at all times material hereto, Defendant, Jason N. Pozner's employer, operating its business in Fort Lauderdale, Broward County, Florida.

9.     All services performed by Defendant, Jason N. Pozner, M.D., material hereto, were performed in the course and scope of his employment for Defendant, Florida Center For Cosmetic Surgery, Inc.; and as such, Defendant, Florida Center For Cosmetic Surgery, Inc. is vicariously liable for the negligent medical treatment rendered by Defendant, Jason N. Pozner, M.D., to Kathleen Kennedy.

10.     Alternatively, Jason N. Pozner, M.D., worked at all times material hereto, for Jason N. Pozner, M.D., P.A.; and all services rendered to Kathleen Kennedy were performed by Jason N. Pozner, M.D. in the course and scope of his employment for Jason N. Pozner, M.D., P.A., which is vicariously liable for the negligent care and treatment rendered by Dr. Pozner to Ms. Kennedy.

2

CASE NO:

11.    Alternatively, Jason N. Pozner, M.D., worked at all times material hereto, for Jason N. Pozner, M.D., P.A.; which in turn, was providing services to Defendant, Florida Center For Cosmetic Surgery, Inc.; and as such, Defendant, Florida Center For Cosmetic Surgery, Inc. is vicariously liable for the negligent medical treatment rendered by Defendant, Jason N. Pozner, M.D., to Kathleen Kennedy.

12.    Plaintiff, Kathleen Kennedy, consulted with and submitted herself to the medical care and consultation of Defendant, Jason N. Pozner, M.D. at the premises of Defendant, Florida Center For Cosmetic Surgery, Inc. on or about March 27, 1998 when she allowed Dr. Pozner to perform a bilateral breast augmentation and liposection procedure upon her thighs.

13.    As a result of the surgery, Ms. Kennedy's breasts were deformed and asymmetrical. She had pain under and behind the right breast and pain underneath the left breast. Her thighs were also rendered asymmetrical, discolored and disfigured.

14.    Thereafter, Dr. Pozner performed a "re-do" operative procedure of the breasts, again at the premises of Defendant, Florida Center For Cosmetic Surgery, Inc.

15.    As a result of this, the second surgery, Ms. Kennedy's breasts were still asymetrical and painful.

16.    As a result of the liposuction on her thighs and subsequent treatment with a lipo garment, which is a stocking worn on the legs, Ms. Kennedy's thighs are painful, disfigured, discolored and asymetical; and she has a scar on her buttocks form the lipo garment which rubbed her buttocks raw.

17.    Thereafter, Plaintiff, Katherine Kennedy, came under the care and surgical consultation of Defendant, Ary Krau, M.D., who, either individually, or as an agent and in the course and scope of his duties for his employer, Ary Krau, M.D., P.A., began to treat Ms. Kennedy.

3

CASE NO:

18.    On or about August 25, 1998, Dr. Krau performed a second "re-do" bilateral breast augmentation upon Ms. Kennedy.

19.    As a result of the third surgery, Ms. Kennedy was still left with painful, asymetrical, deformed breasts; and pain in her chest.

20.    As board certified plastic surgeons, Drs. Pozner and Krau owed Kathleen Kennedy a duty to apply their medical skill and training in accordance with what other reasonable board certified plastic surgeons performing breast augmentations and liposuction would have done in a similar situation, including, but not limited to:

A.    Determining the feasability of performing a successful augmentation, given the unique presentation of every patient, including Kathleen Kennedy; and

B.    Determining a reasonably feasible surgical approach to remedy the medical problem for which Kathleen Kennedy consulted; and

C.    Consulting Kathleen Kennedy as to the advisability of doing an augmentation and liposuction, including the risks involved, the prevalence of unsatisfied expectations, the risk of life long pain and disfigurement and the risks and dangers inherently associated with each type of surgical approach, given Ms. Kennedy's unique anatomical presentation; and

D.    Performing the procedures and follow up care in accordance with the standard of care applicable to board certified plastic surgeons.

21.    Defendants, Jason Pozner, M.D. and Ary Krau, M.D., departed from the prevailing standard of care by violating all of the duties set forth above, including, but not limited to:

A.    Recommending surgery, given Ms. Kennedy's unique anatomical presentation;

4

CASE NO:

B.    Failing to advise Ms. Kennedy of the risks associated with the procedures;

C.    Failing to perform the correct surgical approach, given Ms. Kennedy's unique anatomical presentation;

D.    Failing to fully inform Ms. Kennedy of the inherent risks and dangers in the surgical procedures which they performed;

E.    Failing to perform the surgical procedures in accordance with the prevailing standard of care applicable to board certified plastic surgeons.

22.    As a direct and proximate result of the Defendants' negligence, Plaintiff, Kathleen Kennedy, has been damaged, both in her physical appearance and the financial cost of attempting to minimize the pain and disfigurement she has suffered.

23.    All conditions precedent to the maintenance of this lawsuit have been satisfied, including but not limited to compliance with the presuit investigation and notice requirements set forth in Chapter 766, Florida Statutes.

## COUNT 1- NEGLIGENCE OF JASON N. POZNER, M.D., JASON N. POSZNER, M.D., P.A. AND FLORIDA CENTER FOR COSMETIC SURGERY, INC.

24.    Plaintiffs reallege and reaver the allegations set forth in paragraphs 1 through 23 above, as though fully set forth and incorporated herein.

25.    On July 31, 2000, Plaintiff served her Letter of Intent pursuant to Chapter 766, Florida Statutes. The same was mailed by United States Mail, certified; and the return receipt indicates that Defendants, Jason Pozner, M.D., Jason Pozner, M.D., P.A., Florida Center for Cosmetic Surgery, Inc. and the Department of Health received their respective copies. Copies of the Letter and return receipts are attached hereto as Composite Exhibit "A."

5

CASE NO:

26.     On December 27, 1999, Plaintiff, Kathleen Kennedy, filed a Petition for Automatic Tolling of the Statute of Limitations in Broward County under Case Number, 99-21856 (07), a copy of which is attahced hereto as Exhibit "B".

WHEREFORE, Plaintiff, Kathleen Kennedy, respectfully requests that this Honorable Court do the following:

    A.     Take jurisdiction over the parties hereto and the subject mater hereof; and

    B.     Award compensatory damages, including interest on all pre-paid medical expenses; and

    C.     Take such further action as this Honorable Court deems just and proper.

## COUNT 2- NEGLIGENCE OF ARY KRAU, M.D. AND ARY KRAU, M.D., P.A.

27.     Plaintiffs reallege and reaver the allegations set forth in paragraphs 1 through 23 above, as though fully set forth and incorporated herein.

28.     On July 31, 2000, Plaintiff served her Letter of Intent pursuant to Chapter 766, Florida Statutes. The same was mailed by United States Mail, certified; and the return receipt indicates that Defendants, Ary Krau, M.D., Ary Krau, M.D., P.A. and the Department of Health received their respective copies. Copies of the Letter and return receipts are attached hereto as Composite Exhibit "A."

29.     On December 27, 1999, Plaintiff, Kathleen Kennedy, filed a Petition for Automatic Tolling of the Statute of Limitations in Broward County under Case Number, 99-21856 (07), a copy of which is attahced hereto as Exhibit "B".

30.     Neither Ary Krau, M.D. nor Ary Krau, M.D., P.A. responded to the pre-suit notice, excpet to mail records; and Plaintiff, Kathleen Kennedy is entitled to attorneys fees and costs associated with the investigation and evaluation of this claim by virtue of Section 766.206(3), Florida Statutes.

6

CASE NO:

WHEREFORE, Plaintiff, Kathleen Kennedy, respectfully requests that this Honorable Court do the following:

    A.    Take jurisdiction over the parties hereto and the subject mater hereof; and

    B.    Award compensatory damages, including interest on all pre-paid medical expenses; and Award attorney's fees and costs pursuant to Section 766.206(3), Fla. Stat; and

    C.    Take such further action as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all facts and issues so triable as a matter of right.

## CERTIFICATE OF GOOD FAITH

The undersigned attorney hereby certifies that he has made reasonable investigation as permitted by the circumstances to determine that there are good grounds for a good faith belief that there has been negligence in the care and treatment of Kathleen Kennedy. The undersigned's investigation has revealed reasonable grounds to have a good faith belief that Jason Pozner and Ary Krau deviated from the prevailing standard of care and that they are culpable and responsible for the damages claimed herein.

_____
KENNETH J. SOBEL

DATED: _Dec. 7_, 2000.

GREENSPOON, MARDER, HIRSCHFELD, RAFKIN, ROSS AND BERGER, P.A.
ATTORNEYS FOR PLAINTIFF
TRADE CENTER SOUTH
SUITE 700
100 WEST CYPRESS CREEK ROAD
FORT LAUDERDALE, FL. 33309
TELE. NO: 954-491-1120

7

CASE NO:

BY _____

KENNETH J. SOBEL
(FLA. BAR NO: 511668)

8

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO: CA-CE-00-020735 (03)

KATHERINE KENNEDY

      Plaintiff,

vs.

JASON N. POZNER, M.D., JASON N.
POZNER, M.D., P.A., and FLORIDA
CENTER FOR COSMETIC SURGERY,
INC., a Florida Corporation,

      Defendants.

**SECOND AMENDED
COMPLAINT**

---

Plaintiff, KATHERINE KENNEDY, sues the Defendants, JASON N. POZNER, M.D., JASON N.

POZNER, M.D., P.A., and FLORIDA CENTER FOR COSMETIC SURGERY, INC., a Florida

corporation, and in support of which states as follows:

1.     This is an action for damages in excess of Fifteen Thousand and no/100ths ($15,000.00)

Dollars, exclusive of costs, interest and attorney's fees.

2.     Plaintiff, KATHERINE KENNEDY, is a resident of Dade County, Florida and is sui juris.

3.     Defendant, JASON N. POZNER, M.D. is licensed by the State of Florida as a medical

doctor, and at all times material hereto, practiced his profession out of an office located in Broward County,

Florida and is sui juris.

4.     Defendant, JASON POZNER, M.D. holds himself out to the public as a physician

specializing in the medical sub-specialty of plastic surgery, and as such, owes his patients a duty to perform



EXHIBIT
B

CASE NO: CA-CE-00-02735 (03)

his services in accordance with the prevailing standard of care applicable to medical doctors who limit their field of practice to plastic surgery.

5.      At all times material hereto, Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC., was a Florida corporation with its principal place of business in Broward County, Florida and is sui juris.

6.      Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC. was, at all times material hereto, Defendant, Jason N. Pozner's employer, operating its business in Fort Lauderdale, Broward County, Florida.

7.      All services performed by Defendant, JASON N. POZNER, M.D., material hereto, were performed in the course and scope of his employment for Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC.; and as such, Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC. is vicariously liable for the negligent medical treatment rendered by Defendant, JASON N. POZNER, M.D., to KATHERINE KENNEDY.

8.      Alternatively, JASON N. POZNER, M.D., worked at all times material hereto, for JASON N. POZNER, M.D., P.A.; and all services rendered to KATHERINE KENNEDY were performed by JASON N. POZNER, M.D. in the course and scope of his employment for JASON N. POZNER, M.D., P.A., which is vicariously liable for the negligent care and treatment rendered by Dr. Pozner to Ms. Kennedy.

9.      Alternatively, JASON N. POZNER, M.D., worked at all times material hereto, for JASON N. POZNER, M.D., P.A.; which in turn, was providing services to Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC.; and as such, Defendant, FLORIDA CENTER FOR COSMETIC

2

CASE NO: CA-CE-00-02735 (03)

SURGERY, INC. is vicariously liable for the negligent medical treatment rendered by Defendant, Jason N. Pozner, M.D., to KATHERINE KENNEDY.

10.     Alternatively, at all times material hereto, JASON N. POZNER, M.D.. and FLORIDA CENTER FOR COSMETIC SURGERY, INC., joined together and formed a joint venture in their care and treatment of Plaintiff, KATHERINE KENNEDY.

11.     More specifically, by operation of an express written agreement between the FLORIDA CENTER FOR COSMETIC SURGERY, INC. and JASON N. POZNER, M.D., a copy of which is attached hereto as Exhibit "A,", and as evidenced by the way FLORIDA CENTER FOR COSMETIC SURGERY, INC. and JASON N. POZNER, M.D., conducted their business:

A.     Each shared a community of interest in the rendition of cosmetic surgical services to Plaintiff, KATHERINE KENNEDY, whereby each benefited from the creation of a cosmetic surgery clinic; and

B.     There was joint control or right of control over various aspects of the business, including, but not limited to patient selection, marketing, professional fee determination, patient discounts, scheduling, medical practice, staffing, office procedures, and other aspects of the business; and

C.     Each had a joint proprietary interest in rendering services to Plaintiff, KATHERINE KENNEDY; as well as other joint business endeavors; and

D.     Each shared in the profits generated by rendering medical care and attention to Plaintiff, KATHERINE KENNEDY, as well as other patients; and

3

CASE NO: CA-CE-00-02735 (03)

    E.      Each shared in the losses occasioned when patients were not treated to their satisfaction.

    12.     By virtue of their joint venture, Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC. is vicariously liable for the negligence of its joint venturer, Defendant, JASON N. POZNER, M.D.

    13.     Plaintiff, KATHERINE KENNEDY, consulted with and submitted herself to the medical care and consultation of Defendant, JASON N. POZNER, M.D. at the premises of Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC. on or about March 27, 1998 when she allowed Dr. Pozner to perform a bilateral breast augmentation and liposuction procedure upon her thighs.

    14.     As a result of the surgery, Ms. Kennedy's breasts were deformed and asymmetrical. Her thighs were also rendered asymmetrical, discolored and disfigured.

    15.     Thereafter, Dr. Pozner performed a "re-do" operative procedure of the breasts and thighs, again at the premises of Defendant, FLORIDA CENTER FOR COSMETIC SURGERY, INC.

    16.     As a result of this, the second surgery, Ms. Kennedy's breasts were still asymmetrical and painful; and her thighs were asymmetrical, discolored and disfigured and she developed a complex regional pain syndrome in her breasts.

    17.     As a result of the liposuction on her thighs and subsequent treatment with a lipo garment, which is a stocking worn on the legs, Ms. Kennedy's thighs are painful, disfigured, discolored and asymmetrical; and she has a scar on her buttocks from the lipo garment which rubbed her buttocks raw.

4

CASE NO: CA-CE-00-02735 (03)

18.    Thereafter, Plaintiff, KATHERINE KENNEDY, came under the care and surgical consultation of ARY KRAU, M.D., who began to treat Ms. Kennedy.

19.    On or about August 25, 1998, Dr. Krau performed a second "re-do" bilateral breast augmentation upon Ms. Kennedy.

20.    As a result of the third surgery, Ms. Kennedy was still left with painful, asymmetrical, deformed breasts; and pain in her chest.

21.    Thereafter, Ms. Kennedy came under the care an treatment of Dr. Patrick Maxwell, who, in an effort to minimize her pain and to repair the cosmetic damage previously caused by Defendant, JASON N. POZNER, M.D., performed a third "re-do" bilateral breast augmentation.

22.    As a plastic surgeon, Dr. Pozner owed KATHERINE KENNEDY a duty to apply his medical skill and training in accordance with what other reasonable plastic surgeons performing breast augmentations and liposuction would have done in a similar situation, including, but not limited to:

A.    Determining the feasibility of performing a successful augmentation, given the unique presentation of every patient, including KATHERINE KENNEDY; and

B.    Determining a reasonably feasible surgical approach to remedy the medical problem for which KATHERINE KENNEDY consulted; and

C.    Consulting KATHERINE KENNEDY as to the advisability of doing an augmentation and liposuction, including the risks involved, the prevalence of unsatisfied expectations, the risk of life long pain and disfigurement and the risks and dangers inherently associated with each type of surgical approach, given Ms. Kennedy's unique anatomical presentation; and

5

CASE NO: CA-CE-00-02735 (03)

     D.     Performing the procedures and follow up care in accordance with the standard of care applicable to doctors who exclusively practice in the sub-specialty of plastic surgery.

     21. In the performance of all of his surgical procedures performed upon Ms. Kennedy, Defendant, JASON POZNER, M.D. departed from the prevailing standard of care by violating all of the duties set forth above, including, but not limited to:

     A.     Recommending surgery, given Ms. Kennedy's unique anatomical presentation;

     B.     Failing to advise Ms. Kennedy of the risks associated with the procedures;

     C.     Failing to perform the correct surgical approach, given Ms. Kennedy's unique anatomical presentation;

     D.     Failing to fully inform Ms. Kennedy of the inherent risks and dangers in the surgical procedures which he performed;

     E.     Failing to perform the surgical procedures in accordance with the prevailing standard of care applicable to doctors who exclusively practice in the sub-specialty of plastic surgery;

     F.     Failing to adequately inform Ms. Kennedy of the risks, benefits and feasibility of all of the surgical approaches commonly utilized in the performance of a breast augmentation procedure;

     22.     As a direct and proximate result of the Defendant, JASON N. POZNER, M.D.'s negligence, Plaintiff, KATHERINE KENNEDY, has been damaged, emotionally and in her physical appearance and has suffered emotional pain and anguish, the financial cost of attempting to minimize the emotional and physical pain and physical disfigurement she has suffered.

     23.     All conditions precedent to the maintenance of this lawsuit have been satisfied,

CASE NO: CA-CE-00-02735 (03)

including but not limited to compliance with the pre-suit investigation and notice requirements set forth in Chapter 766, Florida Statutes.

24.    On July 31, 2000, Plaintiff served her Letter of Intent pursuant to Chapter 766, Florida Statutes. The same was mailed by United States Mail, certified; and the return receipt indicates that Defendants, JASON POZNER, M.D., JASON POZNER, M.D., P.A., FLORIDA CENTER FOR COSMETIC SURGERY, INC. and the Department of Health received their respective copies. Copies of the Letter and return receipts are attached hereto as Composite Exhibit "B."

25.    On December 27, 1999, Plaintiff, KATHERINE KENNEDY, filed a Petition for Automatic Tolling of the Statute of Limitations in Broward County under Case Number, 99-21856 (07), a copy of which is attached hereto as Exhibit "C."

WHEREFORE, Plaintiff, KATHERINE KENNEDY, respectfully requests that this Honorable Court do the following:

A.    Take jurisdiction over the parties hereto and the subject mater hereof; and

B.    Award compensatory damages, including interest on all pre-paid medical expenses; and

C.    Take such further action as this Honorable Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all facts and issues so triable as a matter of right.

7

CASE NO: CA-CE-00-02735  (03)

## CERTIFICATE OF GOOD FAITH

The undersigned attorney hereby certifies that he has made reasonable investigation as permitted by the circumstances to determine that there are good grounds for a good faith belief that there has been negligence in the care and treatment of KATHERINE KENNEDY. The undersigned's investigation has revealed reasonable grounds to have a good faith belief that JASON POZNER deviated from the prevailing standard of care and that he is culpable and responsible for the damages claimed herein.

_____
KENNETH J. SOBEL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed this 28th day of February, 2003, to all counsel as follows:

James J. Nosich, Esq.
McGrane & Nosich, P.A.
2801 Ponce de Leon Boulevard
Twelfth Floor
Coral Gables, Florida  33134
Attorney for Dr. Pozner and PA

Lisa Harris, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers
Douglas Center, Suite 1102
2600 Douglas Road
Coral Gables, FL 33134
Attorneys for Florida Center for Cosmetic Surgery

8

CASE NO: CA-CE-00-02735 (03)

GREENSPOON, MARDER, HIRSCHFELD
RAFKIN, ROSS & BERGER, P.A.
Attorneys for Plaintiff
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, Florida 33309
954-491-1120 (phone)
954-771-9264 (fax)

By: _____

Kenneth J. Sobel, Esq.
(Fla. Bar No: 511668)

9

**PROOF OF CLAIM**

**WESTERN INDEMNITY INSURANCE COMPANY**

**READ THE INSTRUCTION SHEET CAREFULLY BEFORE COMPLETING THIS FORM**

**THE DEADLINE FOR FILING YOUR PROOF OF CLAIM IS 11:59 P.M. C.S.T., MONDAY, JANUARY 31, 2005**

**PLEASE PRINT**

Claimant's Name:    Katherine Kennedy

Claimant's Mailing Address: 16546 NE 26th Avenue, #2H

North Miami, Florida  33160

Claimant's E-mail Address:

Phone:    305-354-8237      Fax:

Social Security No. or Tax Id No.: 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

(If represented by an attorney, please complete this section:)

Name of Attorney:    Kenneth J. Sobel, Esq.

Greenspoon, Marder, Hirschfeld, Rafkin, Berger & Ross, P.A.

Attorney's Mailing Address: 100 West Cypress Creek Road
Suite 700, Ft. Lauderdale, Florida  33309

Attorney's E-mail Address: Kenneth.Sobel@greenspoonmarder.
com.

Phone:954-491-1120    Fax:  954-267-8030

**You must notify the Special Deputy Receiver of any changes in your mailing address, phone number, or e-mail address.**

Claim is for (check the appropriate box below):                                                                Claim amount

| | | |
|---|---|---|
| ☐ | Benefits under a policy of insurance not covered by Guaranty Association | $ |
| ☐ | Return of premium not covered by Guaranty Association | $ |
| ☐ | Unpaid wages of former employee | $ |
| ☐ | Unpaid fees to attorney | $ |
| ☐ | Unpaid fees for goods and services to vendors | $ |
| ☐ | Unpaid commissions or invoices to agents | $ |
| ☐ | Insurance Guaranty Association – claims expense | $ |
| ☐ | Insurance Guaranty Association – claims payments | $ |
| X | Other claim | $Unliquidated |

TOTAL AMOUNT OF CLAIM (If the amount is unknown insert the word "unstated")        $Unstated

Date of loss:  03/27/98 and 08/25/98

Describe the nature of your claim:  Medical Malpractice – Negligently performed breast augmentation which required a revision.  The revision resulted in a permanent neurological disorder called Complex Regional Pain Syndrome. Many subsequent surgeries and nerve blocks have been required since.

**NOTE:  ATTACH DOCUMENTATION TO SUPPORT YOUR CLAIM**

If you have an assignment of benefits, provide assignors name and address below and attach copy of the assignment:

None, other than attorney's fee and costs .

Page 1


EXHIBIT
Cl

If you have assigned your right of recovery, provide assignee's name and address below and attach copy of the assignment:  My attorney, Kenneth Sobel has an assignment per our retainer agreement. His name and address are above.

If you hold or exercise any control over any cash, securities, trust funds, letters of credit or other assets of Western Indemnity, provide description and location of asset:  N/A

If you received any compensation on your claim, provide the name of who paid you and the amount of payment: $125,000. $100,000 from Dr. Posner and $25,000.00 from Dr. Krau. The $25,000.00 paid by Dr. Krau was the extent of his insurance and $100, 000.00 for Dr. Posner exceeded his insurance coverage on his declining balance policy.

Complete only if making a claim under a workers' compensation policy.

Employer's Name:

Employer's Address:

Employer's Telephone:

**If you fail to file this Proof of Claim on or before the claim filing deadline of 11:59 P.M., C.S.T., Monday, January 31, 2005, your claim will be barred and rejected by the Special Deputy Receiver. Please mail your proof of claim form to:**
**Western Indemnity Insurance Company, in Receivership**
**P.O. Box 691852**
**San Antonio, Texas 78269-1852**

**If you have any questions, you may contact me at info@resolutionoversight.com.**

AFFIRMATION OF CLAIMANT

I affirm that I have read the foregoing Proof of Claim and understand the contents thereof, that this claim of $ Unstated against Western Indemnity Insurance Company is justly owing to me, that I alone am entitled to file this claim, except as stated above, that there is no setoff to the claim thereto, except as stated above, that the matters set forth above and any accompanying statements and documents are true to my own knowledge, and that no payment of or on account of the aforesaid claim has been made, except as stated.

November 1, 2004
DATE SIGNED

Katherine Kennedy
SIGNATURE OF PERSON MAKING CLAIM –
**KATHERINE KENNEDY**

Katherine Kennedy
PRINTED NAME OF PERSON MAKING CLAIM

_____
TITLE (IF APPLICABLE)

## CLAIMANT - PLEASE DO NOT COMPLETE BELOW THIS LINE

| Amount approved - Class 1 | $ |
|---|---|
| Amount approved - Class 2 | $ |
| Amount approved - Class 3 | $ |
| Amount approved - Class 4 | $ |
| Amount approved - Class 5 | $ |
| Amount rejected, in whole or in part | $ |

_____
Signature and date - Special Deputy Receiver Representative

Page 3